E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
19-C-02224-S3
3/28/2019 5:48 PM

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Yvonne Byrd**

_____

_____

CIVIL ACTION
NUMBER: **19-C-02224-S3** _____

PLAINTIFF

vs.

**QuikTrip Corporation**

_____

_____

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Charles L. Clay, Jr.
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30327

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**28TH**____ day of _____**MARCH**_____, 20__**19**__.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011



**EXHIBIT**

**A**

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
19-C-02224-S3
3/28/2019 5:48 PM

CLERK OF STATE COURT

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YVONNE BYRD,                  )
                              )
         Plaintiff,      )
                              )
vs.                         )     CIVIL ACTION FILE
                              )
                              )     NO. 19-C-02224-S3
                              )
QUICKTRIP CORPORATION     )
                              )
         Defendant     )

## COMPLAINT

COMES NOW, Yvonne Byrd, Plaintiff in the above-styled action and hereby files this Complaint stating as follows:

1.

On or about March 31, 2017, Plaintiff was a customer and invitee at the QuikTrip convenience store located at 6065 Singleton Road, Norcross, Georgia. Mrs. Byrd approached the store and stepped up onto the sidewalk in front of the store entrance. Mrs. Byrd stepped in a previously unseen grey, slippery substance which caused her to lose her footing and fall, striking and injuring her right knee, and other injuries.

2.

Plaintiff is a resident of the State of Georgia. Plaintiff states her intention and desire to bring each permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, and other damages as proven by the evidence at trial. In particular, Plaintiff brings personal injury claims against the Defendant for the injuries and damages she suffered on and following the March 31, 2017 incident.

3.

Defendant QuikTrip Corporation (hereinafter "QT") is a foreign for-profit limited liability company, incorporated in the State of Oklahoma. Defendant is registered with the Georgia Secretary of State's office and is authorized to do business in the State of Georgia. Defendant may be served by means of its registered agent, CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

4.

Defendant QT owns and/or operates the gas station and convenience store located at 6065 Singleton Road, Norcross, Georgia ("the subject premises").

5.

By operating a business in this state (namely the QT station located at 6065 Singleton Road, Norcross, Georgia) Defendant is subject to the jurisdiction and venue of this court. QT and its officers, members, agents and employees were involved in the acts or omissions in the State of Georgia which give rise to this lawsuit.

6.

Jurisdiction and Venue is proper in this Court in pursuant to Ga. Const. art. VI, § 2, ¶ VI, and O.C.G.A. § 9-10-93. The tort at issue in this matter occurred in Gwinnett County, Georgia, and the Registered Agent of Defendant QT is located in Gwinnett County, Georgia.

7.

As a direct and proximate result of Defendants' acts and omissions as set forth below, Plaintiff sustained serious injuries; experienced pain and suffering (both physical and emotional) and anxiety; and has incurred substantial medical expenses.

8.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

9.

At the time of the subject incident, Plaintiff walked through the parking lot and sidewalk of the QT in an ordinary fashion, and took reasonable care for her safety.

10.

At all times mentioned herein, Defendant had the duty to use ordinary care to keep its premises, including the sidewalk at issue in this case, in a reasonably safe condition.

11.

Defendant breached its duty owed to Plaintiff and was negligent in failing to inspect, clean, maintain, correct, mark or remove the dangerous condition of the sidewalk.

12.

Prior to Plaintiff's arrival at the QT Store, Defendant had notice, both actual and constructive, of the existence of the slippery substance on the sidewalk, and the fact that there was no warning to patrons of the existence of substance by way of signage, rope, barriers, or written warnings, yet Defendant failed to exercise ordinary care to repair the dangerous surface or properly warn of its existence.

13.

The slippery substance at issue had existed for such a length of time that by the exercise of reasonable diligence in the performance of its duty, Defendant should have learned of its existence and exercised ordinary care to remove or repair it, or properly warn of its existence.

14.

Defendant knew, or by the exercise of due care, should have known of the hazardous condition of their sidewalk and that the failure to correct, mark, remove, repair, and/or warn about the slippery substance was likely to result in injuries to customers crossing the surface such as the Plaintiff.

15.

The injuries and damages sustained by Plaintiff are the direct and proximate result of Defendant's failure to exercise ordinary care. But for such failure to exercise ordinary care, Plaintiff would not have suffered the injuries and damages discussed herein.

16.

Defendant breached its statutory duties and was negligent *per se* in one or more of the following ways:

(a)     breach of O.C.G.A. § 51-3-1 by failing to conduct proper inspection and in failing to exercise ordinary care in keeping the premises and approaches safe on and prior to March 31, 2017.

17.

Defendant is liable for Plaintiff's injuries.

18.

Plaintiff had no prior knowledge of the existence of the dangerous surface.

19.

Defendant had actual knowledge of the dangerous surface and the lack of appropriate warnings through the direct knowledge of its employees, agents, and inspections.

20.

Defendant had constructive notice and knowledge of the dangerous surface and the lack of appropriate warnings due to the presence of its employees, agents, and inspectors in the immediate area of the hazardous condition, and/or due to the existence of the dangerous surface for an unreasonable period of time.

21.

Defendant was negligent and said negligence proximately caused Plaintiff's injuries in one or more of the following ways, to wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the subject sidewalk in a reasonably safe condition;

b) In failing to properly inspect and maintain the subject sidewalk;

c) In failing to clean the slippery substance from the sidewalk surface;

d) In failing to warn of the existence of slippery substance by posting warning signs or warning markings, roping off the area near the hazardous condition, and/or placing warning cones around the hazardous condition;

e) In failing to properly train and supervise their employees and agents in regard to the inspection and maintenance of the subject sidewalk; and

f) Negligence as outlined above in paragraph 20.

22.

Defendants failed to take appropriate action to remove, repair, and/or warn about the slippery substance on the sidewalk so as to reduce the danger to patrons, including Plaintiff, and allowed this dangerous condition on the sidewalk to continue to exist unabated, thereby creating a nuisance.

5

23.

Defendants had knowledge of the nuisance that its inaction created and allowed said nuisance to continue.

24.

As a direct and proximate result of said nuisance, Plaintiff sustained serious injuries.

25.

Plaintiff is entitled to recover from Defendants for the injuries and pain and suffering he sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential and/or other damages permitted. Plaintiff states his intention to seek all damages permissible under Georgia law, including:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Disfigurement

d) Lost earnings and earning capacity;

e) Loss of the capacity for the enjoyment of life;

f) Incidental expense;

g) Past, present, and future medical expenses;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

26.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant, and one or more or all of said hereinabove, stated acts proximately caused Plaintiff's injuries and damages.

6

WHEREFORE, Plaintiff prays that:

(a)    Process be issued as provided by law;

(b)    Plaintiff be awarded actual damages in amounts to be shown at trial from Defendant;

(c)    Plaintiff have and recover any and all damages allowed by law and as proven by the evidence, including for all past, present, and future medical expenses, pain and suffering, as well as all general, special, compensatory, incidental, economic and consequential damages from Defendant in an amount to be determined by the enlightened conscience of an impartial jury;

(d)    Plaintiff have a trial by jury; and

(e)    Plaintiff have such other relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

This 28th day of March, 2019.

Respectfully submitted,

**PRATT CLAY, LLC**

/s/ Charles L. Clay, Jr.
Charles L. Clay, Jr.
Georgia Bar No. 129505

4401 Northside Parkway
Suite 520
Atlanta, GA 30327
(404) 949-8118

7

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YVONNE BYRD,                          §
                                      §
    Plaintiff,                   §
                                      §     **CIVIL ACTION**
vs.                                   §
                                      §     **FILE NO. 19-C-02224-S3**
QUIKTRIP CORPORATION,                 §
                                      §
    Defendant.                   §
                                      §
                                      §

### DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **QUIKTRIP CORPORATION**, a Defendant in the above-styled civil action, and files this, its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

This Defendant shows that Plaintiff's alleged injuries, if any, were the result of Plaintiff's failure to exercise ordinary care.

### SECOND DEFENSE

Any injury to Plaintiff resulted from her own acts.

### THIRD DEFENSE

This Defendant shows that Plaintiff's alleged damages, if any, were directly caused by Plaintiff's own contributory and comparative negligence.

### FOURTH DEFENSE

The proximate cause of the occurrence at issue in this litigation was the acts or omissions of parties other than this Defendant, unmixed with any negligence on the part of this Defendant, with the result that Plaintiffs are not entitled to recover from this Defendant.

## **FIFTH DEFENSE**

As a next Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies that Plaintiff suffered damages related to the purported March 31, 2017 incident. Defendant can neither admit nor deny the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same. To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

3.

Defendant admits the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits that it operates the gas station and convenience store located at 6065 Singleton Rd., Norcross, GA.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

{Firm/278/00054/PLEADING/02121221.DOC }

6.

Defendant admits only that its Registered Agent is located within Gwinnett County, Georgia.  Defendant denies as pled the remaining allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies as pled the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

- 3 -

16.

Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

{Firm/278/00054/PLEADING/02121221.DOC }

27.

Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

28.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant QUIKTRIP CORPORATION prays that it be discharged without costs.

**A TRIAL BY TWELVE JURORS IS DEMANDED.**

This 23rd day of April, 2019.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
khurley@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

**KATHLEEN M. HURLEY**
Georgia Bar No. 379659
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

{Firm/278/00054/PLEADING/02121221.DOC }

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVONNE BYRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO. 19-C-02224-S3 |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey e-FileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

Charles L. Clay, Jr., Esq.
PRATT CLAY, LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30327

This 23rd day of April, 2019.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
khurley@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

KATHLEEN M. HURLEY
Georgia Bar No. 379659
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YVONNE BYRD,                          §
                                      §
     Plaintiff,               §
                                      §     **CIVIL ACTION**
vs.                                   §
                                      §     **FILE NO. 19-C-02224-S3**
QUIKTRIP CORPORATION,                 §
                                      §
     Defendant.               §
                                      §

_____      §

## DEFENDANT'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COMES NOW **QUIKTRIP CORPORATION**, named as a Defendant in the above-styled civil action, and files this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 23rd day of April, 2019.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
khurley@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

KATHLEEN M. HURLEY
Georgia Bar No. 379659
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

- 2 -

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| YVONNE BYRD, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 19-C-02224-S3** |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey e-FileGA system which will automatically send e-mail notification of such filing to the following attorneys of record:

Charles L. Clay, Jr., Esq.
PRATT CLAY, LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30327

This 23rd day of April, 2019.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

KATHLEEN M. HURLEY
Georgia Bar No. 379659
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 – fax
khurley@cmlawfirm.com
cbryant@cmlawfirm.com
rcruser@cmlawfirm.com

{Firm/278/00054/PLEADING/02121223.DOC }